UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLOS GAMBO FERRER,

      Petitioner,

v.                         Case No.:  2:26-cv-02023-SPC-KRH

WARDEN, FLORIDA SOFT SIDE
SOUTH,

      Respondent,

_____/

## OPINION AND ORDER

Before the Court are petitioner Carlos Gambo Ferrer's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 8).

Gambo Ferrer is a native of Cuba who entered the United States on August 6, 1968. He was convicted of cocaine possession in 1996 and ordered removed to Cuba on December 19, 2001. Immigration and Customs Enforcement ("ICE") placed Gambo Ferrer on an order of supervision in lieu of detention. On December 5, 2025, Gambo Ferrer reported to ICE for a check-in appointment, and ICE revoked his order of supervision and arrested him. He has been in ICE detention since then, mostly at Alligator Alcatraz. Cuba refused to accept Gambo Ferrer for repatriation on December 16, 2025. On April 10, 2026, ICE brought Gambo Ferrer to the Mexican border and requested that he depart to Mexico. Gambo Ferrer declined to exit the bus, and ICE returned him to Alligator Alcatraz. Gambo Ferrer argues his

detention is unlawful because his removal is not likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

> foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government argues Gambo Ferrer's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to arbitrarily detain noncitizens and avoid judicial scrutiny by limiting consecutive periods of detention to 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Gambo Ferrer has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Cuba declined to repatriate him, and no other country has agreed to accept him.

The burden thus shifts to the government. ICE points to its April 2026 attempt to send Gambo Ferrer to Mexico. But the evidence before the Court

suggests that was an informal effort to compel voluntary departure, not an above-board removal attempt that complied with statutory and constitutional requirements. *See Andriasian v. Immigr. and Naturalization Servs.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."); *see also D.V.D. v. U.S. Dep't of Homeland Security*, 821 F. Supp. 3d 102 (D. Mass. 2026) (setting aside DHS's current third-country removal policy because it violates noncitizens' right to seek fear-based relief under the Convention Against Torture). ICE makes no attempt to show it can lawfully remove Gambo Ferrer in the reasonably foreseeable future.

The Court finds no significant likelihood Gambo Ferrer will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Gambo Ferrer to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Carlos Gambo Ferrer's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The government shall release Gambo Ferrer within 24 hours of this Order and provide him telephone access so he can arrange his transportation from the facility.

2. Within 48 hours of this Order, the government shall certify it has released Gambo Ferrer from detention.

3. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on July 1, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record